# Staunton

THOMAS ANDREWS & CO. v. CEPHAS ROBINSON AND JULIA ROBINSON, PRINCIPAL DEFENDANTS, AND CARL DEEL, CO-DEFENDANT.

September 12, 1930.

Absent, Holt and Browning, JJ.

*French & Rush*, for the plaintiff in error.

*J. C. Smith* and *A. A. Skeen*, for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Thomas Andrews and Company, a creditor of Cephas and Julia Robinson, alleging proper grounds, procured an attachment to issue against them and joined as a co-defendant Carl Deel, who was alleged to be in possession of certain personal property which belonged to Cephas Robinson. The petitioning creditor held a note, made by Cephas and Julia Robinson and payable to it, in the sum of $367.08 with interest, and carrying a provision for a ten per cent collection fee. This note was executed on the 5th day of April, 1928, and became due and payable in thirty days from its date. The attachment, for the amount of the petitioner's debt which was past due, was duly served on the defendants and co-defendant, and each of them filed their answer.

A jury trial was had and it resulted in a verdict in favor of the petitioner against Cephas and Julia Robinson, but the jury found for the co-defendant, Carl Deel.

The petitioner complains of the court's action in refusing to set aside the verdict, which the jury had rendered in favor of the co-defendant, Deel, and in refusing to enter final judgment in its favor against him.

The testimony is not conflicting and is very brief. . It discloses that Carl Deel was a creditor of Cephas Robinson to the extent of $1,040.00; that Robinson was a country merchant, and in order to satisfy the debt due Deel, sold and transferred to him, not in the ordinary course of trade, most of his store fixtures and a quantity of merchandise at an agreed value of $1,040.00, thus paying the Deel debt in full. Both Robinson and Deel admitted that they ignored the provisions of section 5187 of the Code 1919, commonly called the "bulk sales statute," and that neither of them complied with that statute in any respect.

The "bulk sales statute," section 5187 of the Code 1919, among other things, provides: "The sale * * * in bulk of any part or the whole of a stock of merchandise or the fixtures pertaining to the conduct of said business otherwise than in the ordinary course of trade * * * shall be void as to creditors of the seller unless the seller and purchaser, at least five days before the sale, make full detailed inventory * * * unless the purchaser shall at least five days before taking possession * * * notify by registered mail every creditor" * * *.

The petitioner asserts, that inasmuch as the statute expressly renders void a transaction of this kind, in so far as a creditor is concerned, the fixtures and the merchandise in Deel's possession are in reality the property of Robinson, and therefore Deel is properly before the court, as a co-defendant.

The co-defendant, Deel, takes the position that there was no actual fraud in the transaction, and that he and Robinson were acting in good faith and entirely ignorant of the "bulk sales statute," and therefore he was not a proper co-defendant. He further claims that he cannot be reached in

this proceeding and if he is to be held responsible the petitioner would have to proceed in a chancery suit.

At the trial, and after the testimony had been concluded, the court gave the jury this instruction:

"The court further tells the jury that as to the co-defendant, Carl Deel, if you find for the plaintiff on the attachment and further believe from the evidence that he purchased part of the stock of goods and fixtures of Cephas Robinson on a debt not in the ordinary course of trade, you will find that said sale is void and will find against said Carl Deel the value of the said goods purchased and delivered to the said Carl Deel."

This instruction embodied a correct proposition of law, except as to the value of the goods and fixtures transferred to Deel. These articles were valued by Deel and Robinson at $1,040.00. The petitioner's claim only amounted to $367.08, with interest, and a ten per cent collection fee. In no event should the jury have found against Deel for a larger sum than was actually due the petitioner by Robinson.

Under this instruction, which was substantially correct, it was the duty of the jury under the admitted facts, to have found for the petitioner against Deel for the amount of its debt.

Section 5187 of the Code 1919 certainly rendered void the sale and transfer of the fixtures and merchandise, in so far as the petitioner was concerned, regardless of whether there was, or was not, actual fraud in the transaction.

We cannot agree with the defendant that he could only be held responsible in a proceeding on the chancery side. No authorities have been cited sustaining his view and we know of none which hold that a chancery suit is an exclusive remedy, whereby a creditor can be afforded the protection of the statute. It ill becomes Deel, who openly

admits that he violated the mandatory terms of the statute, to contend that he cannot be held liable in this proceeding, but, if liable, he must be proceeded against on the chancery side of the court.

This point was not made in the court below. There he submitted himself to the forum which had been selected by the petitioner and filed his answer and otherwise generally appeared in the attachment proceeding, defending his interest. If the petitioner was in error in selecting the proper forum, then it was the duty of the co-defendant, Deel, to have moved to have the cause transferred to the chancery side, under section 6084 of the Code 1919, and having failed to make such a motion in the trial court, it will be considered that he waived the point.

The fixtures and merchandise having been sold and delivered by Robinson to Deel at an agreed value of $1,040.00, and the sale and transfer made in violation of the statute and thereby rendered absolutely void, in so far as the petitioner was concerned, Deel was in the possession of property which belonged to Robinson and he was properly joined as a co-defendant.

Under the admitted facts and the court's instruction, the only proper verdict which the jury could have rendered was a verdict against Deel for the amount of the petitioner's debt.

The judgment is reversed and the verdict set aside as to Deel, and judgment is here rendered against Deel for the amount of the petitioner's debt.

*Reversed.*