LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Meridian Electronics Inc.

v.

Fred E. Brooks et al.

July 7, 1972

Case No: D-2431

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today in this cause which denies the motion of Mary M. White to set aside the order herein of September 15, 1971, appointing a special receiver.

The sole issue raised by the defendant in its petition involves the statute of limitations and is whether an alleged fraudulent conveyance in connection with a transfer in bulk under the circumstances set forth in this Bill of Complaint gives rise to a valid claim for relief under Code § 55-80 as well as under the Bulk Transfers portion of the Uniform Commercial Code. Code §§ 8.6-101 to 8.6-111. If the plaintiff's relief in this suit is afforded only under the above provisions of the U.C.C., then the six-months' limitation of Code § 8.6-111 applies and the said defendant's motion should be granted since the court has determined that no levy was made upon her within six months after the date on which it is alleged that she took possession of the goods herein, there being no concealment alleged.

The solution of the question presented is found by a close reading of the Bill and of the applic-

able statutes as well as by a consideration of the nature and scope of the statute relating to fraudulent conveyances on the one hand and those dealing with bulk sales on the other.

The Bill alleges a transfer in bulk of certain property formerly owned by the defendant Electronics Research, Ltd., of which the plaintiff claims to be a creditor. It is alleged in paragraph 9 of the Bill that the certain property was transferred to the defendant White by Electronics "without any fair consideration and with actual intent to hinder, delay, or defraud the plaintiff . . . ." Clearly, this seeks relief under Code § 55-80 dealing with fraudulent conveyances. Paragraph 10 specifically alleges that the transfer violated Code § 8.6-104 of the U.C.C., dealing with sales in bulk. The prayer of the Bill asks, inter alia, that the transfer to White be "set aside and annulled."

It is apparent from the Bill that the plaintiff seeks to base its claim for relief under not only the bulk transfer statutes but also under the fraudulent conveyances statute. This it may properly do. While closely related, the wrongful sale in bulk of a stock of merchandise is not strictly speaking a fraudulent conveyance. 9 M.J. Fraudulent and Voluntary Conveyances, § 40, p. 52. The bulk transfer statutes, if not complied with, render the bulk sale ineffective regardless of whether or not there was actual fraud in the transaction, as is required under Code § 55-80. Ibid., ftn. 5 citing Thomas Andrews & Co. v. Robinson, 155 Va. 362 (1930). See Code §§ 8.6-104 and 8.6-104. This being the case, the creditor's exclusive remedy is not under the bulk sales statutes. It may, in addition, attempt to set aside the transfer as a pure fraudulent transfer under the common law of which Code § 55-80 is declaratory.

Therefore, since the limitation of Code § 8.6-111 is restricted to proceedings brought exclusively under Title 8.6 and since the suit is based, in part, upon Code § 55-80, the appointment of the special receiver herein is timely and valid. As to the limita-

tions of actions brought to set aside a fraudulent conveyance, see 9 M.J. Fraudulent and Voluntary Conveyances, § 381, and Glenn, Fraudulent Conveyances and Preferences, (Revised Edition) § 88.