432

## CIRCUIT COURT OF THE CITY OF RICHMOND

Lugene's, Inc., et al.

v.

Gifts 'N Stuff, Inc., et al.

November 15, 1974

Case No. D-7310

By JUDGE ALEX H. SANDS, JR.

This is a suit instituted by plaintiffs against defendants seeking relief based upon the following allegations.

Plaintiffs allege that at various times they sold to the corporate defendant merchandise upon open account for which they have not been paid. They say that while their accounts were outstanding, the corporate defendant, acting through the individual defendants, Ward, Waters and Anderson, its officers and sole directors (hereinafter referred to as "Officers"), sold to the defendant Emerson its entire assets for an inadequate consideration and applied the proceeds of the sale to the payment of a corporate debt upon which the officers were guarantors, which transactions rendered the corporation insolvent. Plaintiffs further allege that the purchaser, the defendant Emerson, at the time of the sale had full knowledge of the true value of the assets being purchased, of the inadequacy of the purchase price being paid therefor, of the manner in which the proceeds of the sale would be applied and of the effect which the transactions would have upon the

solvency of the corporation. Plaintiffs allege that the sale failed to comply with the provisions of the Virginia Bulk Transfers Act (Code §§ 8.6-101, et seq.) and that the sale, transfer, and conveyance was made by the defendants with actual intent to hinder, delay, and defraud the creditors of the corporation, including the plaintiffs, in contemplation of Va. Code § 55-80, and accordingly is void.

By way of relief, plaintiffs individually pray that the corporate sale to defendant Emerson be set aside, that pending the litigation, a receiver be appointed to take charge of the operation and assets of the business, that an accounting of the assets be required of defendants, and that monetary damages be awarded plaintiffs upon a pro rata basis for any losses sustained as a result of the sale.

### Responsive Pleadings

#### A

To plaintiffs' bill of complaint, the corporate defendant has filed a motion to dismiss upon the grounds (a) failure of the plaintiffs' bill to allege insolvency as a result of the transfer, (b) failure to allege gross inadequacy of the purchase price, (c) failure to allege that they, plaintiffs, were lien creditors, (d) that the sole remedy of a creditor where the Bulk Transfer Act has been violated is by pursuing the assets in the hands of the transferee.

#### B

The "officer" defendants filed a motion to dismiss as to them upon the same grounds.

#### C

Defendant Emerson has filed an answer and cross bill, to which cross bill plaintiffs have filed a motion to dismiss.

## D

Corporate defendant and "officer" defendants have filed a plea of the statute of limitations.

The above motions and plea are before the court for decision.

## I

Plaintiffs' motion to dismiss defendant Emerson's cross bill is sustained upon the ground that it neither states any ground for, nor does it seek, any specific relief.

## II

Plaintiffs' bill of complaint and amended bill allege that the sale for an inadequate price and the fraudulent application of the proceeds combined to render the corporation insolvent. This allegation is sufficient. The two-step operation is treated by plaintiffs as a single transaction. Whether this allegation be true depends on the evidence.

Inadequacy of consideration is specifically alleged. From other allegations it could be inferred that the inadequacy was gross. Here again, whether the price was inadequate or if inadequate, its degree, will depend upon the evidence.

It is not necessary that plaintiffs be lien creditors at the time of the alleged conveyance in order to attack its validity. *Wood v. Lester*, 126 Va. 169 (1919).

Conveyance by defendants with intent to hinder, delay, and defraud is specifically alleged.

Defendants' last ground of their motions to dismiss is without merit for two reasons. It presupposes that plaintiffs' sole relief would be to pursue the assets in the hands of the transferee. While the court in *Andrews v. Robinson*, 155 Va. 362 (1930), does not, it is true, come to grips with this precise issue, the language of the court would appear to justify plaintiffs' position that they have the option of either (1) proceeding against the property in the hands of the transferee, or (2) proceed by a suit in equity to have the court restore the parties

to their original position. The second reason is that plaintiffs do not limit their basic of recovery alone to the Bulk Transfer statutes but proceed also under Section 55-80. As Judge Compton held in *Meridian Electronics v. Brooks* (opinion July 7, 1972█, a plaintiff may proceed under either or both statutes.

### III

#### Plea of the Statute of Limitations

It would seem that the allegation of "concealment" contained in the amended bill of complaint would of itself require the overruling of this plea at this stage until evidence was developed as to the existence and period of concealment. But aside from this, the reasoning of Judge Compton in *Meridian, supra,* which this court adopts, concludes with this statement:

> Therefore, since the limitation of Code § 8.6-111 is restricted to proceedings brought exclusively under Title 8.6 and since the suit is based, in part, upon Code § 55-80, the appointment of the special receiver herein is timely and valid.

#### Conclusion

Many of the issues raised and discussed in the briefs filed will probably be material in later stages of the proceedings but are not dispositive of the motions and plea now before the court.

Defendants' motions to dismiss are accordingly overruled, and the plea of the statute of limitations, at this stage at least, is dismissed.